UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARNISE WALKER <br> 9726 Yeakel Ave <br> Cleveland, Ohio 44115 <br><br> on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> DISH ONE UP SATELLITE, INC. <br> d/b/a The Solutions Center <br> c/o Statutory Agent MLCL Statutory Agent, Inc. <br> 1111 Superior Avenue East, Suite 2700 <br> Cleveland, Ohio 44114 <br><br> Defendant. | CASE NO. <br><br> JUDGE <br><br> **PLAINTIFF'S COMPLAINT** <br><br> (Jury Demand Endorsed Herein) |

Now comes Plaintiff Charnise Walker, by and though undersigned counsel, and for her Complaint against Defendant Dish One Up Satellite, Inc. d/b/a The Solutions Center ("Defendant" or "Solutions Center"), states and alleges the following:

### INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, including overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a resident of Cuyahoga County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant was a corporation for profit, organized and existing under the laws of the State of Ohio doing business under the fictitious name The Solutions Center.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

12. Defendant provides telemarketing services to its customers.

13. Defendant employed Plaintiff between November/December 2021 and March 2022 as a customer service representative/call center representative.

14. Other similarly situated employees were employed as a customer service representative/call center representative.

15. Defendant classified Plaintiff and other similarly situated employees as non-exempt employees.

16. Defendant paid Plaintiff and other similarly situated employees on an hourly basis.

17. Plaintiff and other similarly situated employees frequently worked in excess of 40 hours in a work week.

18. Plaintiff regularly worked more than 40 hours in a work week.

**(Failure to Pay For Time Spent Starting and Logging Into Computer Systems)**

19. Plaintiff and other similarly situated employees were required by Defendant to perform unpaid work before clocking in each day, including, but not limited to, starting, booting up, and logging into Defendant's computer systems.

20. By common policy and practice, Plaintiff and other similarly-situated employees were required to have their computers booted up before the start of their shifts so that they could take their first call promptly upon commencing work at their scheduled start times.

21. Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly situated employees as "hours worked."

22. Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

23. Plaintiff estimates that they spent approximately 10 to 15 minutes before their shifts start times clocking in each day, including but not limited to starting and logging into Defendant's

3

computer systems.

24. This unpaid work performed by Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

25. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock in before they began booting up Defendant's computer systems.

26. This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

27. Starting and logging into Defendant's computer systems is an intrinsic element of their job duties. Plaintiff and other similarly situated employees cannot dispense with these tasks if they are to be able to perform their work.

28. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff and other similarly situated employees. They could not perform their work without booting up Defendant's computer systems.

29. Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated inbound sales representatives for starting and logging into Defendant's computer systems during which they performed work that managers and/or other agents and/or representatives observed.

**(Failure to Pay Overtime Compensation)**

30. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime

compensation for all of the hours they worked over 40 each workweek.

31. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

32. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other similarly situated employees before clocking in each day.

33. The amount of time Plaintiff and other similarly situated employees spent on their required and unpaid work before clocking in amounted to approximately 10 to 15 minutes when Plaintiff had a faster computer or longer when Plaintiff had a slower computer.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

35. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All former and current call center employees employed by Dish One Up Satellite, Inc. d/b/a The Solutions Center at any time between June 3, 2019 and the present.

36. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief avers that it consists of several hundred persons.

37. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are

similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests, as well as her own, in bringing this action.

38. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

41. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

42. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 CFR § 516.2(a)(7).

43. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

44. As a result of Defendant's practices and policies, Plaintiff and other similarly

situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class she represents actual damages for unpaid wages;

D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

      Respectfully submitted,

      /s/ Lori M. Griffin
      Lori M. Griffin (0085241)
      Anthony J. Lazzaro (0077962)
      Alanna Klein Fischer (0090986)
      Matthew S. Grimsley (0092942)
      The Lazzaro Law Firm, LLC
      The Heritage Bldg., Suite 250
      34555 Chagrin Boulevard

>Moreland Hills, Ohio 44022
>Phone: 216-696-5000
>Facsimile: 216-696-7005
>lori@lazzarolawfirm.com
>anthony@lazzarolawfirm.com
>alanna@lazzarolawfirm.com
>matthew@lazzarolawfirm.com
>
>Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

>/s/ Lori M. Griffin
>One of the Attorneys for Plaintiff